In re NATIONAL MERCANTILE AGENCY.

(District Court, E. D. Pennsylvania. March 30, 1904.)

1. BANKRUPTCY—RECEIVERS—RIGHT TO SUE.

Where a receiver was appointed for a bankrupt before the appointment of a trustee, and was given power to proceed forthwith to collect and take possession of all the assets of the bankrupt, he was not authorized to bring suit to collect such assets in a jurisdiction other than the one in which he was appointed.

In Bankruptcy. In Equity. Exceptions to report of special referee.

Read & Pettit and Joseph A. Arnold, for receiver.
Conard & Middleton, contra.

J. B. McPHERSON, District Judge. The exceptions to the report of the special referee need not be considered, for there is a fatal objection to this proceeding, which I regret to say was not raised at the beginning, namely, that the receiver by whom the petition was filed is not shown to have had any authority to bring the suit. As is well known, a receiver has such power only as the court that appoints him chooses to give, and unless he is authorized to leave the court of original jurisdiction, and sue elsewhere, he is not competent to bring

¶ 1. Suits by and against receivers of federal courts, see note to **J. I. Case Plow Works v. Finks, 26 C. C. A. 49.**

such a suit. The order of the District Court for the Southern District of New York gave the receiver power "to proceed forthwith to collect and take possession of all, the assets of said alleged bankrupt," but nothing whatever is said concerning his power to bring suits, either in that district or in the courts of the Eastern District of Pennsylvania. The general subject is considered in High on Receivers (3d Ed, 1894) § 201, where it is said:

"In general a receiver, by virtue of his appointment, is clothed with only such rights of action as might have been maintained by the persons over whose estate he has been appointed, and to whose rights, for purposes of litigation, he has succeeded. It is essential, therefore, in order to sustain a suit brought by him in his representative capacity, that he should allege and set forth the equities of the parties whose rights of action he represents, and he must also show that by the appointment of the court, properly made in a matter within its jurisdiction, authority has been conferred upon him in his representative capacity as receiver to prosecute the action, and, failing to show this, he cannot maintain an action."

In Beach on Receivers (Alderson's Ed. 1897) the same rule is laid down in these words:

"Sec. 650. Necessity of Receiver to Have Leave of Court to Sue or Defend a Suit. The receiver is the officer, the agent, and hand of the court, and therefore his powers are limited, and are derived from the order of appointment, if a common-law receiver, and from statute, if a statutory receiver. It follows necessarily, and especially in a matter of so great importance to the administration of the trust, that the receiver has no right to institute or prosecute any suit without the consent and authority of the court being first obtained or subsequently given while the action is pending. This is the general rule, and prevails in all courts, both federal and state. The authorities in support of this proposition are numerous and in full accord. [Citing cases.]

"It is also the general rule that a receiver has no authority to defend an action without leave of court.

"The receiver's petition must contain an allegation that leave of court to sue has been obtained, or it will be demurrable.

"The reason of the rule which denies to the receiver the right to institute and prosecute litigation without leave of court has been said to be founded on the absence of title in him; but, even when he becomes invested with the title to the property, the rule still applies, and the true reason of the rule may be said to be that the receiver is wholly under the control of the court, that his powers are limited to those conferred by the court or by statute, and that in so important a matter as litigation over the trust estate the court must be consulted and is entitled to direct its officer."

It is manifest, therefore, that the receiver was without power to institute this proceeding, and for this reason the petition must be dismissed. No injury, however, is likely to be done to the bankrupt estate, for, as I am informed, a trustee has since been appointed, and he has ample power to bring an action in the proper forum to recover whatever assets of the bankrupt may be found in the possession of other persons.

The exceptions are dismissed, and the petition of the receiver is dismissed, at his costs.